to hear when a judge is trying to ask a question and counsel is speaking. So what I'd like you to do as counsel is to be alert to the fact that if we raise our hands like this, you should stop speaking and wait for the question. And with that, Mr. Carpenter, why don't you go ahead? Thank you very much. And may it please the court, Counsel Carpenter appearing on behalf of Mr. Dennis Duvall. The matter before the court is whether or not the Veterans Court erred when it found that Mr. Duvall was not a prevailing party in his EJA application. Mr. Duvall's appeal resulted in an enforceable judgment in the form of a remand, which materially altered the legal relationship of the parties. In this case, the VA and Mr. Duvall. Having done so, that made Mr. Duvall a prevailing party as a matter of law. The Veterans Court set aside the board's decision and remanded the matter for further proceedings to address Mr. Duvall's argument and this court's decision in Lynch in the first instance, which in this case had been decided after the board decision that was on appeal. The Veterans Court, in its discretion, determined that it would be better to have the board address that issue in the first instance and therefore ordered a remand. I'm sorry. Was there a question? No, that was not the recorded message. Oh, I'm sorry. Okay. I think I lost my train of thought here. The Veterans Court set aside the board's decision and remanded the matter for further proceedings. Yes. Yeah. So let me ask you this question. And I think this case kind of focuses on this. Is a remand due to a change in law or is it due to an actual administrative error, a wrong decision by the board? I'm not sure that the Veterans Court characterized it one way or the other in this case, although clearly they did not make a finding of administrative error. Part of the remand instruction was so that the board could consider in the first instance the application on Lynch, correct? That's correct, Your Honor. So that's not an administrative error? No, it's not. Okay. Well, isn't our precedent pretty clear on this particular point that if it's not an administrative error, and especially if remand is to consider intervening law or changing the law, then that's something different? Well, as I understood this court's decision in Lynch, they were not changing the law. They were merely clarifying the law and that in that decision, they made it clear that they're in applying the benefit of the doubt rule that the preponderance of evidence was not the legal standard and that the legal standard was the standard that had been accepted across the board. And I believe that the Veterans Court, I'm sorry. Do you characterize that as an administrative error? The board's misapplication of the benefit of the doubt rule? Yes. Okay. So, Mr. Carpenter, as I read the Veterans Court decision here, the remand was not just to consider Lynch, but also to consider the arguments about the preponderance standard that you made in your briefs before the Veterans Court. So, this is not simply a case in which there was new law to be considered on the remand, but also the existing arguments that were made. That's correct, Your Honor. And I believe in that context, this is not a typical change of law case that it is, in fact, a response by the reviewing court as to whether or not that they felt comfortable in making the decision in the first instance based upon the arguments that had been presented by myself on behalf of Mr. LaValle concerning the preponderance of evidence standard, which this court clarified to some extent in Lynch, but quite candidly, I don't believe addressed the question that was presented by Mr. LaValle in his appeal to the Veterans Court in the first instance as it related to making the decision on whether or not he was entitled to a total scheduler rating or a extra scheduler rating based upon TDIU. And before the board, I know you argued the preponderance standard was wrong before the Veterans Court, but in the initial proceeding, did you argue that the preponderance standard was incorrect in your briefing before the board? Before the board, no, Your Honor. I had no idea or reason to believe that they were going to be using that standard in their decision. I found that out when I got the decision. Okay. Judge Stahl, I believe you indicated the... Yeah, I was just going to ask about, it's my understanding that you were arguing for that the board erred in its application of the standard even before Lynch was decided. Is that correct? That is correct, Your Honor. If you were making that argument? Yes. And could you flesh that argument out for me a little bit? Were you arguing that they erred by applying the benefit of the doubt rule? Overall, I believe that that was the direction of the argument. The argument was essentially that the preponderance of evidence is a separate legal standard and that the Congress created a legal standard with the benefit of the doubt. And in so doing, the only appropriate legal standard would have been the benefit of the doubt rather than using an external legal standard such as preponderance of the evidence, which in my view has no place in the veteran system, but was obviously used in this case to defeat an award that we believe, under the proper legal standard, should have been awarded under either theory. I noticed that initially you were successful in making that argument before the Veterans Court. What is your understanding of why the Veterans Court changed its view? I wouldn't begin to speculate. I do not understand why they changed their view. It seemed to me that possibly there was some second thoughts on the part of the lower court in terms of whether or not Lynch did or didn't constitute a change in the law. But again, I don't believe that Lynch dealt with this issue per se, although this court in its decision talked about the preponderance of evidence, excuse me, preponderance of evidence standard not being what this court meant in its original decision dealing with the interpretation of the benefit of the doubt. Unless there's any further questions from the panel, I'm happy to submit it based upon them. I'll let you reserve the remainder of your time. Thank you. Sheila, our courtroom deputy, in my screen there's a bar going across saying this meeting is being recorded, which prevents me from seeing my colleagues. Is there some way to remove that bar? Is there an option to say okay? Yeah, I clicked on that, but it didn't seem to go. Well, now it's gone. Okay. Okay, wonderful. All right, Ms. Havasey? Yes, good morning, Your Honors, and may it please the court. It appears from Mr. LaValle's reply brief that the remaining issue in this case is whether there was a material alteration in the legal relationship between the parties, and that question, if that is the question before the court, is one over which this court lacks jurisdiction, because that is simply an application of the Angel law to the facts of this case. Let me ask you a question. Suppose the remand order here had said nothing about the Lynch case, and it simply remanded to consider Mr. Carpenter's arguments about the preponderance standard and benefit of the doubt rule. Would that have made Mr. Carpenter's client a prevailing party? Not necessarily. That, again, would be an application of the law to the facts, because it would be a factual determination on the part of... No, I don't think it's a law. It's a question whether that kind of action as a legal matter would be sufficient to make him a prevailing party. What's the answer to that? Well, the answer is it depends if there was an administrative error or not. Well, you know what the facts of the case are, and my hypothetical is there was a remand to consider Mr. Carpenter's arguments about the benefit of the doubt standard in his briefs. Would that remand make him a prevailing party under the motor rule line of cases? Not necessarily, because a remand to consider his arguments that he made before the Veterans Court that could not have been made before the board, because before the Veterans Court, he was making an argument based on 7103d4 that the board decision was not an order of appropriate relief. That's not an argument that the board could have inherently could have considered, because it's an argument about what the board decision contained. So to the extent that the remanding to consider arguments that were made by the court before the court, then no, that that inherently could not have been error. Suppose the remand order said, Mr. Carpenter's briefs argued that the preponderance of the evidence standard is the wrong standard. We remand to have the board consider that question. Again, that's, that's not, go ahead. That's again, not necessarily a finding of agency error to say, consider these arguments, again, is not the same thing as saying the board applied the incorrect standard and go back and apply the correct standard. That would be a finding of error. But just to say, go back and reconsider these arguments without saying anything about whether the board used the wrong standard or not, is not a finding of administrative error. So there seems to be a case law that says there can be an implicit finding of administrative error. I mean, there doesn't have to be an express finding of administrative error, right? Right. That's correct, Your Honor. But again, even saying that that's an implicit finding of error, it doesn't have to be. Just sending it back to consider argument is not the Veterans Court either implicitly or explicitly finding error. In fact, isn't it the case that the Veterans Court remanded with instruction to consider in the first instance? And that indicates to me that it can go either way. I mean, we don't have a final decision on this particular point. So under a situation like that, how can there be administrative error? Yes, Your Honor. I would agree with that. In this particular case, not necessarily Judge Dykes hypothetical, but in this case, yes, the Veterans Court did specifically say remand in the first instance to consider Lynch and Mr. Lavalle's arguments. So there was no error. Would your view be different if the remand order, instead of saying considering the persistence, instructed the board to consider a specific position or a specific point of view as to a proper standard? In other words, if they would have said, you applied the wrong standard, we're going to send it back to you so that you can apply the correct standard. And here is that correct standard. Is that a different situation than what we have here? That's a different situation because in your words, the Veterans Court is specifically saying, board, you applied the wrong standard. If the Veterans Court is explicitly or even implicitly saying, board, you applied the wrong standard, and here's the correct standard, that certainly could be considered administrative error. I want to ask a question. Now, in this case, I see a little bit of a difference than some of the other cases where we've said a remand for a change in law will not be administrative error. And one of the reasons why I'm maybe seeing a difference is because here, the appellant specifically argued that the standard applied by the board was incorrect. And the Veterans Court doesn't say that the standard applied by the board is incorrect, but there's a Lynch-like argument made saying that the standard should be a benefit of the doubt and not preponderance of the evidence, and there shouldn't be confusion about that. That seems to have been made in the first instance on appeal before Lynch was decided. Then Lynch has decided, and then the case is remanded. Now, I could see that as being different than a circumstance where there's just a change in law and the party never presented that change in law. How do you feel about that, Ms. Havasey? I still think that's not necessarily sufficient for a finding of administrative error, just to say, board, go back and rethink about whether you used the wrong standard is not the same thing as the example Judge Rayna gave where the court would say, you did use the wrong standard, board, go back and fix it. Just to say, go back and reconsider these arguments is not necessarily administrative error. There are prior cases which have considered these remand issues and have found that a change in law doesn't make somebody a prevailing party and remand to consider a change in law, but those cases are all cases in which the change in law was the result of a statute or some new argument that wasn't made by the party to the appeal. For example, in Thompson, Veterans Court specifically said this isn't a situation in which this is further support for an argument that was already being made. Those are new issue cases in other words. Right, but even in Thompson, which she used as an example, it was the appellant there argued similar to here that it was simply a clarification of existing law and this court rejected that argument saying that even a case that clarifies existing law, which you could argue Lynch did for Ortiz, even such a case falls under the category of a remand for new law which does not constitute administrative error. But those were cases in which the new law related to a new issue that had been argued by the party to the appeal, right? I am not sure about the Thompson case specifically, whether it had been a new issue that had been argued or not argued, although based on the fact that it was a clarification and the argument was that it was a clarification, I would suspect it would have been an issue that at some level had been before the board initially because otherwise how could there be an argument that it was simply a clarification of existing law if that existing law had been argued below in the first place? Well, I think the veterans court there specifically said that this was not an issue that had been raised by the party. But, you know, why if somebody has gone to the trouble of making an argument, spending money developing the argument, and the argument results in a remand, I'm not sure that I understand why that person shouldn't be a prevailing party quite apart from whether there was some new case law which supported the argument that the party was already making. The legal fees were incurred, they were incurred on the particular issue. Why is it that consistent with the purpose of the statute, there shouldn't be an award of fees for success? Well, I mean, your honor, this court's precedent holds that in the case of remands, it is clear that administrative error is required to be a prevailing party. So, in that case, fees under the aegis statutes definition of prevailing party have to be based on this notion of administrative error and this court's precedent is also clear that a remand for a new law does not meet that standard. Anything further? No, your honor. We respectfully request this court affirm the Veterans Court. Thank you, Mr. Carpenter. You have a couple minutes left, I think. You're muted. Excuse me. Are you ready? Yes. Yes, okay. I'd like to begin by pointing out that the Veterans Court in its decision at appendix one to two recognized that administrative error is not the only standard, that it is one of the standards that is established by the case law. The other is, and this was established by the Supreme Court, that there is a material change in the legal relationship of the parties, which was applied by this court in Motorola. And in that context, we have to come back to the fact that this is a fee-shifting statute that we're dealing with here. We're not dealing with what the change in the law may or may not have been. We are dealing with whether or not there was a legal relationship, a material change in the legal relationship of the parties. Mr. Bluval was... I'm sorry, your honor. Yeah, Mr. Carpenter, can you please explain that? I always have a little bit difficulty in fully understanding that particular doctrine, the change in the legal relationship of the parties. How did that happen here? It happened here because Mr. Bluval was required to take a civil action, file an appeal based upon an adverse decision by the Board of Veterans' Appeals. That Board of Veterans' Appeals decision was set aside by the Veterans Court. And regardless of what the reason was, that changed the material relationship of the parties because that board decision is no longer final. It is now subject to a court order directing that the board's decision be set aside and re-adjudicated. When it's re-adjudicated, that re-adjudication results in a new decision that is subject to a new appeal. Therefore, under AJA, he is entitled to be compensated as a prevailing party because he was forced to bring an appeal, which he fully briefed, got a decision, in fact, two decisions from the Veterans Court, changing the court's mind on whether or not he was or wasn't a prevailing party. But what he was was a party that received a material alteration in the legal relationship of the parties. Yes, Judge Sewell, I'm sorry. No, that's okay. What you just said sounds very logical. But the concern I have is that it would undermine our case law that says that when there's a remand because of a change in law, that is not sufficient for AJA fees, right? And so that seems inconsistent with the general principle that when you have a judgment against you, but then it's vacated for a remand, for reconsideration, that automatically results in a change in the relationship between the parties. And I would suggest that that rule of law as established by this court based upon a change in law constitutes an exception. But as we have discussed in this argument, Mr. Louval presented a straight legal argument about whether or not it was lawful and correct for the board to have relied upon the preponderance of evidence standard as the legal standard for the granting or denying of his benefits. That was a legal error. The lower court could have addressed that on its merits. It did not have to send it back because nothing in this court's decision in lynch would have required a different outcome on that legal question. But the court decided in its discretion, and certainly Mr. Louval understands that, that the matter went back for the board to have an opportunity to address the preponderance of evidence argument that was made to the court and to consider in the first instance the decision made by this court in lynch, which then touched upon the question of the role of the preponderance of evidence. But I don't believe that this court went so far in lynch to say that that was legal error for them to have done that. That was the argument that was presented by Mr. Louval to the Veterans Court. And ultimately, as a result of the remand that he secured, the board applied a different standard, approximate balance, and applying that new standard gave relief to Mr. Louval, right? That's correct. Relief that in our judgment could have been afforded by the Veterans Court in the first instance. And that's the whole purpose, in my view, of judicial review. The whole notion of what Congress created was national court to review the decisions of the Board of Veterans Appeals. He filed an appeal, having been adversely affected by the decision of the board, to obtain judicial review. He didn't get judicial review. He got a remand that gave the board a chance to correct their error, which, as the court has noted, it did. And to deny him prevailing party status just seems to be inconsistent with the whole purpose from Congress for the creation of Egypt, separate and apart from the legal questions of preponderance of evidence as a legal standard. I don't believe I have anything further unless there's further questions from the panel. Hearing none, I thank both counsel. The case is submitted. Thank you.